## GOODMAN v. YAWKEY et al.
### Civ. A. No. 50–766.

United States District Court
D. Massachusetts.

Jan. 14, 1952.

Roger B. Brooks, Boston, Mass., Michael M. Helfgott, New York City, for plaintiff.

Neil Leonard, John T. Hayes, Sumner H. Babcock, of Bingham, Dana & Gould, Boston, Mass., for defendants.

SWEENEY, Chief Judge.

In this contract action the plaintiff seeks to recover damages by reason of the alleged failure of the defendants to live up to an agreement to sell certain property to the plaintiff. The defendants deny the plaintiff's claim and in their answer set up among other defenses what we will term the fourth defense which in substance contends that an option which had been granted by the defendants to the plaintiff expired on April 12, 1948 by reason of the fact that the property involved in the option was expropriated and by reason of such expropriation the contract was impossible of performance. The plaintiff has moved to strike this fourth defense and the defendants have filed a motion for summary judgment. Both motions have been heard and affidavits in support of the motion for summary judgment have been filed. Likewise the plaintiff has filed affidavits in support of his motion to strike. It is conceded by both sides that the law of the state of New York controls this action since the contract was executed in New York.

### Findings of Fact

On February 9, 1948, the defendants' agent, one Frederick W. DeFoe, executed an option to the plaintiff to purchase five parcels of land situated in Ontario consisting of approximately two hundred acres. It was provided that if the option were exercised, the selling price was to be $160,-000. The option given was for a period of ninety days with a provision that it might be extended for an additional six months on the payment of a further $16,000 to the defendants. On April 12, 1948, the Hydro Electric Power Commission of the Province of Ontario, Canada expropriated approximately eighty-five acres of the property including that part of the land fronting on the Detroit River which was the most valuable part of the property. It is this action which the defendants claim absolves them from liability under the option given on the ground that such taking rendered the performance of the contract impossible, and that the unexercised option on April 12 became valueless. There is an uncontradicted affidavit in the file to the effect that the defendants, through an attorney, notified the plaintiff on April 12 that the option given on February 9, 1948, was revoked. Nevertheless on April 20, 1948, the plaintiff tendered to the defendants in New York City the sum of $16,000 for the purpose of extending the option which he treated as still in force until November 9, 1948. On October 20 and 21, the plaintiff purported to exercise his option, and on November 1 called upon the defendants for a closing date for the transfer of the prop-

erty. He was told by the man in charge of the Yawkey office that there was no title to close and no need for fixing a closing date. The defendants have treated this option as a nullity since April 12, 1948.

In the case of In re Waterfront, etc., 246 N.Y. 1, 157 N.E. 911, certain land was condemned which had been leased to the New York Dock and Warehouse Corporation and the lease contained an option to purchase. At the time of the condemnation taking, the option to purchase had not been exercised. The Court of Appeals held that the option alone gave the lessee no interest in the real estate and that consequently he was not entitled to compensation in respect to its taking. Until an option is exercised the optionee can have no claim to the realty and hence no claim to the money paid in a condemnation proceeding. He cannot sit by and after the condemnation proceeding or taking has been made and an award of damages made, then for the first time elect whether he will exercise his option or not.

The case of In re Cross-Bronx Expressway, Borough of the Bronx, 195 Misc. 842, 82 N.Y.S.2d 55, 56, affirms the rule laid down in Re Waterfront, etc., supra, and states clearly that "An option to buy property contained in a lease gives a tenant no right to condemnation award, or a share of it, unless the option has been exercised after date of the condemnation". The fact that an option is contained in a lease neither adds nor detracts any legal effect of the option.

In Nitro Powder Company v. Agency of Canadian Car and Foundry Company, 233 N.Y. 294, at page 297, 135 N.E. 507, at page 508, the court stated, "When people enter into a contract which is dependent for the possibility of its performance on the continual availability of a specific thing, and that availability comes to an end by reason of circumstances beyond the control of the parties, the contract is prima facie regarded as dissolved. The contingency which has arisen is treated, in the absence of a contrary intention made plain, as being one about which no bargain at all was made". When the plaintiff sought to exercise his option on October 20, 1948, the defendants were in no position to convey the property covered by the option to him and through no fault of their own had been put in that position.

## Conclusions of Law

From the foregoing I conclude and rule that the option given to the plaintiff on February 9, 1948 expired on April 12, 1948, the date of the condemnation taking.

I conclude and rule that the defendants are entitled to judgment in their favor. The action is to be dismissed.